**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-81326-CV-SMITH**
**MAGISTRATE JUDGE REID**

FREDERIC GABRIEL,

    Petitioner,

v.

SEC'Y, FLA. DEP'T OF CORR.,

    Respondent.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking his judgment of conviction in Case No. 2011CF002636, Fifteenth Judicial Circuit of Florida, Palm Beach County. [ECF No. 1]. As discussed below, the Petition should be DENIED.

### I.  Background

The state charged Petitioner with two counts of lewd or lascivious battery of a minor between twelve and sixteen years of age. [ECF No. 10-1 at 2[1]]. The first count alleged that petitioner "[put] his penis in [the victim's] mouth." [*Id.*] The second count alleged that he "caus[ed] his penis to penetrate or have union with the [victim's] vagina." [*Id.*] The jury convicted Petitioner of count one and acquitted him of count two. [*Id.* at 5-6]. The trial court sentenced him to fifteen years in prison. [*Id.* at 12].

Petitioner appealed. [*Id.* at 16]. The Fourth District Court of Appeals ("Fourth District") affirmed without comment. [*Id.* at 72].

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

Through counsel, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. [*Id.* at 109, 145]. Petitioner gave at least two statements to law enforcement during the case investigation. Relevant here, Petitioner argued that counsel ineffectively failed to move to suppress his second statement to the police, in which he expressly stated that he saw the victim's mouth on his penis. *See* [*id.* at 112-16]; *see also* [ECF No. 11-1 at 264-65]. This argument did not allege that trial counsel ineffectively failed to move to suppress the first statement or otherwise challenge its admissibility. *See* [ECF No. 10-1 at 112-16]; *see also* [*id.* at 167 ("[Petitioner] does not allege that counsel was ineffective for failing to file a motion to suppress the first statement.")].

The trial court denied this claim. [*Id.* at 166-69]. Pertinently, it reasoned that, even had counsel deficiently failed to move to suppress the first statement, Petitioner could not show prejudice. [*Id.* at 169 n.1]. This was because "the first taped conversation essentially includes the same information as the second recording: [Petitioner] was sleeping on the couch at the time [and the victim] snuck into the room . . . to do stuff unbeknownst to [Petitioner]." [*Id.* (citation and internal quotation marks omitted)]. Petitioner appealed. [*Id.* at 193]. The Fourth District again affirmed without comment. [*Id.* at 261].

Petitioner timely filed this § 2254 petition. [ECF No. 1]. Petitioner argues that counsel ineffectively failed to move to suppress his first and second statements because: (1) there was no interpreter present and he did not understand his *Miranda*[2] rights because of his allegedly limited understanding of English; (2) the police obtained prejudicial statements during the second interview after he allegedly invoked his right to remain silent and revoked the earlier "inadvertent

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

waiver"; and (3) he was "physically and mentally exhausted during his second interview." *See* [ECF No. 1 at 6-11]; *see also* [ECF No. 1-1 at 1-12; ECF No. 1-2 at 1-4].

The state filed a Response and supporting documentation. [ECF Nos. 9, 10, 11]. Relevant here, the state contends that Petitioner's claim that counsel ineffectively failed to move to suppress the first statement is unexhausted. [ECF No. 9 at 7-10]. Furthermore, like the trial court, the state contends that "the substance of each statement was the same." [*Id.* at 30].

Petitioner filed a Reply. [ECF No. 14]. In the Reply, Petitioner does not challenge the state's contention that he failed to exhaust his argument that counsel ineffectively failed to move to suppress the first statement. *See generally* [*id.*]. However, he contends that the trial court's conclusion that the second statement was the same in substance as the first is clearly erroneous based on the transcript. [*Id.* at 6, 8].

## II. Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *See*

3

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the case. *Id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015) (citations omitted). That is, "[a] state court's . . . determination of the facts is unreasonable only if no fairminded jurist could agree with the state court's determination." *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) (citations and quotation marks omitted).

Under § 2254(d), where, as here, the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

### III.   Failure to Exhaust

4

Petitioner's argument that counsel ineffectively failed to move to suppress his first statement to the police is unexhausted and procedurally defaulted. Accordingly, the claim should be dismissed.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). "For a federal claim to be exhausted, the petitioner must have fairly presented [it] to the state courts." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) (alteration in original) (citation and internal quotation marks omitted); *see also Picard v. Connor*, 404 U.S. 270, 277 (1971) (proper exhaustion requires petitioner to provide state "court with an opportunity to apply controlling legal principles *to the facts bearing upon* [his] constitutional claim" (emphasis added) (citation and internal quotation marks omitted)).

Here, as the trial court found, Petitioner did not argue that counsel ineffectively failed to move to suppress the first statement. Because he did not give the state a fair opportunity to apply controlling legal principles to this claim, he failed to exhaust it.

This unexhausted claim is also procedurally defaulted. *See Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 956-57 (11th Cir. 2016) (claim is procedurally defaulted on habeas review "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present [the claim] in order to meet the exhaustion requirement would now find the claim[ ] procedurally barred" (citation omitted)).

Petitioner would have to return to the trial court and raise this claim to exhaust it. *See Nieves v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 520, 521 (11th Cir. 2019) (*per curiam*) ("In Florida, exhaustion usually requires not only the filing of a [Fla. R. Crim. P.] 3.850 motion, but an

appeal from its denial." (alteration in original) (citation omitted)). However, he cannot. Under Florida law, a defendant generally must file a Rule 3.850 motion within two years after his "judgment and sentence become final." Fla. R. Crim. P. 3.850(b). Here, the Fourth District issued its mandate in Petitioner's direct appeal on July 18, 2014. [ECF No. 10-1 at 74]; *see also Lewis v. State*, 196 So. 3d 423, 424 (Fla. 4th DCA 2016) ("A judgment and sentence become final for the purpose of rule 3.850 when any direct review proceedings have concluded and jurisdiction to entertain a post-conviction motion returns to the trial court." (citation omitted)). Because more than two years have elapsed since that date, the trial court would deny a second Rule 3.850 motion as untimely.

In sum, Petitioner's claim that counsel ineffectively failed to move to suppress his first statement to the police is unexhausted and procedurally defaulted. Therefore, it should be dismissed as such.

## IV. Ineffective Assistance of Counsel--Merits

Petitioner has exhausted his claim that counsel ineffectively failed to move to suppress the second statement to the police. However, because the first statement was substantially the same as the second, Petitioner cannot show that this failure prejudiced him.

To establish a claim of ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, he must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. To prove prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner has the burden of proof on his ineffectiveness claim, *see Holsey*, 694 F.3d at 1256, as well as the burden of proof under § 2254(d). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

Here, the trial court reasonably concluded that Petitioner cannot show prejudice. The record supports its finding that the first statement was the same in substance to the second. In the first, Petitioner stated that the victim came into the living room "and [] tried to pull[] [his] pants down to do stuff." [ECF No. 11-1 at 249-50]. Likewise, he stated in the first that the victim came to him and pulled down his pants, upon which he said, "[W]hat [are] you doing, how do you know that, who taught you that, who showed you that." [*Id.* at 257].

Petitioner contends that these statements "show[] [only] that [he] admitted to the victim trying to pull his pants down to do 'stuff' to him, but never mentioning any sexual contact with his penis." [ECF No. 14 at 2]. However, Petitioner stated that he asked the victim how she "kn[e]w that," who "taught [her] that," and who "showed [her] that." [ECF No. 11-1 at 257]. The trial court--and a juror--reasonably could have found that these statements referred to the victim's performance of fellatio and not her pulling down Petitioner's pants. Indeed, in the second statement, right after expressly stating that he saw the victim's mouth on his penis, Petitioner used virtually identical verbiage in describing the encounter. [*Id.* at 265 (stating that, after he saw the victim's mouth on his penis, he "told her who showed you that. Who told you to do that. Who teached [sic] you to do that")].

Therefore, the trial court reasonably concluded that the second statement was cumulative of the first, and hence, not prejudicial. *Cf. McKenzie v. Sec'y, Fla. Dep't of Corr.*, 507 F. App'x 907, 909 (11th Cir. 2013) (*per curiam*) (counsel's failure to object to hearsay not prejudicial because hearsay was cumulative of testimony provided by other witnesses); *Drew P. v. Clarke*

7

*Cnty. Sch. Dist.*, 877 F.2d 927, 931-32 (11th Cir. 1989) ("The [evidence], even if improperly admitted, [was] merely cumulative of other evidence and therefore [its] admission was not reversible error.").

Furthermore, the state presented additional evidence of Petitioner's guilt. Notably, the victim testified that, upon Petitioner's request, she performed fellatio on him in the living room. [ECF No. 11-1 at 192-93]. Further, she testified that she stopped when someone walked in. [*Id.* at 193]. Consistent with this testimony, B.J. testified that, on the night in question, he saw Petitioner lying on the couch and the victim's head go down and come back up, which caused him to think, without knowing for sure, that the victim might have been performing fellatio on Petitioner. [*Id.* at 229-31, 235-36]. And a deputy who interviewed B.J. testified that B.J. stated that he heard petitioner say, "[D]o you want to try it, do you like it?" [*Id.* at 242]. The jury was free to "believe or disbelieve all or any part of . . . [this] testimony," [*id.* at 306], and evidently believed it in convicting Petitioner on count one.

On this record, the trial court reasonably concluded that Petitioner failed to show a reasonable probability that, had the court suppressed the cumulative second statement, the jury would have rendered a more favorable verdict. Thus, it reasonably rejected this claim.

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Accordingly, the claim should be denied.

## V.     Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing on his claim that counsel ineffectively failed to move to suppress the first statement. Because it is unexhausted and procedurally defaulted, "the record . . . precludes habeas relief[.]" *Schriro v. Landrigan*, 550 U.S. 465, 474

(2007). Nor is he entitled to an evidentiary hearing on his claim that counsel ineffectively failed to move to suppress the second statement. "[B]efore a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated [on the merits] by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." *Landers*, 776 F.3d at 1295. Because Petitioner has demonstrated no such error, he is not entitled to a hearing on this claim.

Petitioner contends that an evidentiary hearing is necessary because the trial court allegedly did not watch the video recordings of the statements in rejecting his ineffectiveness claim. [ECF No. 14 at 3]. However, under § 2254, a state court may make factual determinations based on the written files before it in lieu of undertaking more involved fact-finding procedures. *Cf. Landers*, 776 F.3d. at 1297-98 (state court may make "a credibility determination on the basis of [dueling] affidavits" versus holding an evidentiary hearing). And, again, Petitioner has not shown that the trial court's finding that the first statement is the same in substance as the second is unreasonable, as discussed above. In sum, an evidentiary hearing is not warranted.

## VI.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). By contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, the Undersigned denies a certificate of appealability. If Petitioner disagrees, he may so argue in any objections filed with the District Court.

### VII. Recommendations

As discussed above, it is recommended that the Petition [ECF No. 1] be DENIED, that no certificate of appealability issue, that final judgment be entered, and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Petitioner from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 21st day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Frederic Gabriel
W45834
Wakulla Correctional Institution
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327
PRO SE

Matthew Steven Ocksrider
Office of the Attorney General
Criminal Appeals
1515 North Flagler Drive
Suite 900
West Palm Beach, FL 33401
(561)837-5016
Email: matthew.ocksrider@myfloridalegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com