UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81326-CV-SMITH

FREDERIC GABRIEL,

    Petitioner,

v.

MARK S. INCH,

    Respondent.

_____/

## ORDER AFFIRMING REPORT OF MAGISTRATE JUDGE

This matter is before the Court on Magistrate Judge Lisette Reid's Report [DE 17] ("Report"), which recommends that Petitioner's federal habeas petition be denied, and final judgment be entered in favor of Respondent. Petitioner has filed Objections to the Report [DE 20, 22][1] ("Objections"). After *de novo* review of the record and for the reasons discussed below, the Report is affirmed and adopted, and Petitioner's Objections are overruled.

**I.   STANDARD OF REVIEW**

To "challenge the findings and recommendations of the magistrate, a party must . . . [file] written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). "Upon receipt of objections meeting the specificity requirement set out above . . . [the district court] . . . make[s] a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the

---

[1] The second objections present substantially the same objections but have been typed rather than handwritten.

magistrate." *Id.* "The district judge reviews legal conclusions *de novo*, even in the absence of an objection." *Lacy v. Apfel*, No. 2:97-CV-153-FTM-29D, 2000 WL 33277680, at *1 (M.D. Fla. Oct. 19, 2000) (citing *Cooper–Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

## II.     DISCUSSION

Magistrate Judge Reid entered her Report [DE 17] denying the sole claim raised by Petitioner. The sole claim raised was that trial counsel was ineffective for failing to move to suppress the two statements Petitioner made to the police. (Report at 2-3.) Magistrate Judge Reid found that Petitioner had failed to exhaust his claim regarding the first statement. (*Id*. at 4-6.) Petitioner has not objected to this finding. Petitioner has objected to the Magistrate Judge's finding that he cannot establish prejudice because the second statement was merely cumulative of the first statement. Petitioner argues that this finding was based on an unreasonable determination of the facts. (Obj. at 1-6.) He next objects that Magistrate Judge Reid made no finding regarding his claim that counsel was ineffective for failing to suppress the second statement because he was not provided an interpreter. (*Id*. at 7-8.) In his third objection, Petitioner argues that Magistrate Judge Reid failed to discuss the video of the second statement. (*Id*. at 8-9.) Petitioner contends that Magistrate Judge Reid did "not resolve any of the three aspects of Petitioner's ineffective assistance of counsel claims as it relates to the deficient performance prong." (*Id*. at 8.)

In her Report, Magistrate Judge Reid properly identified the standard for evaluation of ineffective assistance of counsel claims as well as the standard of review applied in federal habeas proceedings. (Report at 3-4, 6-7.) As noted by Magistrate Judge Reid, Petitioner must establish both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). In reviewing the state court's ruling, the federal court will only grant relief if the state court's ruling was contrary to, or an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). Therefore, if Magistrate Judge Reid's finding of no prejudice is reasonable, Petitioner's objections regarding the lack of analysis regarding the deficient performance prong are moot.

Petitioner argues that there are distinctions between the two statements. Based on these alleged distinctions, Petitioner claims that the two statements were not cumulative and, therefore, the admission of the second statement was prejudicial. He concludes that Magistrate Judge Reid's finding of harmless error was unreasonable. Petitioner ignores the fact that in habeas proceedings the factual findings of state courts are entitled to deference. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). Magistrate Judge Reid found that the state court's finding of harmless error was not unreasonable. The arguments presented by Petitioner in his objections were adequately addressed in Magistrate Judge Reid's well-reasoned report. Particularly, the Report found that the state court, or a jury, reasonably could have concluded that Petitioner's statements referred to the victim's performance of fellatio and not simply pulling down his pants. (Report at 7.) Petitioner's objections fail to address the fact that Magistrate Judge Reid's finding did not rest simply upon the similarity in the statements. Magistrate Judge Reid also noted that the State presented other evidence of Petitioner's guilt, including the victim's testimony and the testimony of a witness who observed the Petitioner lying on the couch and the victim's head go down and back up. *Id*. at 8.

On this record, the findings of Magistrate Judge Reid were correct. Petitioner's objections are overruled. Because the finding that Petitioner cannot establish prejudice is dispositive, the Court need not address Petitioner's contention that Magistrate Judge Reid did not address the performance prong of *Strickland*.

### III.     CERTIFICATE OF APPEALABILITY

As amended, effective December 1, 2009, Rules Governing § 2254 Proceedings, Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* Rules Governing § 2254 Proceedings, Rule 11(b), 28 U.S.C. foll. § 2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test.

Accordingly, it is

**ORDERED** that:

1)  The Report [DE 14] is **AFFIRMED AND ADOPTED**:

    a.  the Petition [DE 1] is **DENIED**;

    b.  no certificate of appealability shall issue; and

    c.  **FINAL JUDGMENT** is entered in favor of Respondent.

2)  All pending motions not otherwise ruled on are **DENIED AS MOOT**.

3) This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 13th day of December, 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:
Frederic Gabriel
W45834
Okeechobee Correctional Institution
Inmate Mail/Parcels
3420 NE 168th Street
Okeechobee, FL 34972
PRO SE

Matthew Steven Ocksrider
Office of the Attorney General
Criminal Appeals
1515 North Flagler Drive
Suite 900
West Palm Beach, FL 33401
Email: matthew.ocksrider@myfloridalegal.com